# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 18-cv-01194 ) |
| CHRISTIAN HOME HEALTHCARE, CORP. and INDIA CHRISTIAN, | ) ) ) |
| Defendants. | ) ) ) |

## AMENDED COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Christian Home Healthcare, Corp. and India Christian, individually and as owner of Christian Home Healthcare, Corp. (collectively, "Defendants"), from violating the provisions of Sections 7, 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1.     Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2.     Defendant Christian Home Healthcare, Corp., is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 801 Vinial Street, 2nd Floor, Pittsburgh, PA 15212.  Defendant is engaged in personal home caregiving

services with a principal office located at 801 Vinial Street, Suite 203, Pittsburgh, PA 15212, within the jurisdiction of this court.

     3.     Defendant India Christian is president and sole owner of Christian Home Healthcare, Corp., with a registered address at 1169 McCabe Street, Pittsburgh, PA 15201. Defendant Christian has directed employment practices and has directly or indirectly acted in the interest of Christian Home Healthcare in relation to their employees at all times relevant herein, including hiring and firing employees, and setting employees' conditions of employment, including rates and methods of compensation.

     4.     The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

     5.     Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, and otherwise working on goods or materials that have been moved in or produced for commerce. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Defendants are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act. Additionally, the employees are employed in an enterprise engaged in commerce because they are employed by Defendants to perform domestic services in households, in accordance with Section 2(a) of the Act.

     6.     Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees, including employees listed in the attached Schedule A, in an

enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

For example: During the time period from at least January 2, 2016 through at least December 24, 2016, Defendants failed to compensate their caregivers, including employees listed in the attached Schedule A, who worked over 40 hours in a workweek one and one-half times their regular rate. Specifically, Defendants were misclassifying their employees as independent contractors and paying them straight time for overtime hours worked. Workweeks for many of these employees ranged from approximately 40 to approximately 90 hours, but these employees did not receive one and one-half their regular rate for their overtime hours. Defendants knew or recklessly disregarded the fact that their caregivers were not exempt under not only federal law but also well-established state law. Defendants nevertheless decided to pay their caregivers straight time for overtime hours worked.

Furthermore, from at least January 1, 2017, Defendants set artificially lower regular rates for workweeks in which employees worked in excess of 40 hours. Therefore, for certain workweeks, Defendants knowingly paid employees overtime on the basis of artificial regular rates to circumvent the overtime requirements. As a result, during those workweeks, employees worked in excess of 40 hours but because their regular rate was artificially manipulated, they received less than time and one-half their rate for hours over 40.

7.  Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their

employees, which they maintained as prescribed by the regulations issued and found at 29

C.F.R. Part 516.  Specifically, Defendants did not make and keep a record of hours worked by

the office staff.  Additionally, Defendants did not make and preserve accurate payroll records

showing proper overtime compensation.

WHEREFORE, cause having been shown, the Secretary prays for judgment against

Defendants providing the following relief:

(1)      For an injunction issued pursuant to Section 17 of the Act permanently enjoining

and restraining Defendants, their officers, agents, servants, employees, and those persons in

active concert or participation with Defendants who receive actual notice of any such judgment,

from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2)      For judgment pursuant to Section 16(c) of the Act finding Defendants liable for

overtime compensation due to certain of Defendants' current and former employees listed in the

attached Schedule A for the period of at least November 12, 2015, through at least December 24,

2016, and for an equal amount due to certain of Defendant's current and former employees in

liquidated damages. Additional amounts of back wages and liquidated damages may also be

owed to certain current and former employees of Defendants listed in the attached Schedule A

for violations continuing after December 24, 2016, and may be owed to certain current and

former employees presently unknown to the Secretary for the period covered by this Complaint,

who may be identified during this litigation and added to the Schedule A; or

(3)      In the event liquidated damages are not awarded, for an injunction issued pursuant

to Section 17 of the Act restraining defendants, their officers, agents, employees, and those

persons in active concert or participation with defendants, from withholding the amount of

unpaid minimum wages and overtime compensation found due defendants' employees and

prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Adam F. Welsh
Regional Counsel for Wage and Hour

*/s/ John Strawn*
John Strawn
Attorney

*/s/ Bertha M. Astorga*
Bertha M. Astorga
Attorney

Office of the Solicitor, Region III
Suite 630 East, The Curtis Center
170 South Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5126 (Phone)
(215) 861-5162 (Fax)
Astorga.bertha.m@dol.gov

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2019, I electronically filed the Plaintiff's Amended

Complaint with the United States District Court for the Western District of Pennsylvania using

the ECF system. I hereby certify that Defendants' attorneys are registered as ECF filers and that

the foregoing will be served by the ECF system to the attorneys of record.

*s/ Bertha M. Astorga*
Bertha M. Astorga
Attorney
Office of the Solicitor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5126
(215) 861-5162 (fax)
Astorga.Bertha.M@dol.gov